IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTIAN DANIEL FITZ-HENRY, | Case No. 3:22-cv-00222-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| TOM SNITILY *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Christian Fitz-Henry ("Plaintiff"), a self-represented litigant proceeding in forma pauperis and housed at the Multnomah County Inverness Jail, filed a motion for appointment of pro bono counsel on October 30, 2024. (ECF No. 42.) For the reasons explained below, the Court denies Plaintiff's motion for appointment of counsel, with leave to renew at a later stage of this case.

## LEGAL STANDARDS

"There is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981)). "However, a court may under 'exceptional circumstances' appoint

PAGE 1 – OPINION AND ORDER

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

In evaluating "whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Ninth Circuit has recognized that "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (explaining that "[n]one of these factors is dispositive; rather they must be considered cumulatively" (citing *Palmer*, 560 F.3d at 970)).

## DISCUSSION

Plaintiff's case does not present "exceptional circumstances" warranting appointment of pro bono counsel.

In an Order dated July 9, 2024, the Court stayed this civil case pending resolution of Plaintiff's related criminal trial. (ECF No. 41.) In doing so, the Court explained that because Plaintiff is a defendant in a pending criminal case and his criminal defense counsel advised him to postpone his civil deposition at the risk of providing incriminating testimony, Plaintiff established good cause for seeking an extension of the discovery deadline and postponing his previously noticed deposition. (*Id.*) Although this action remains stayed pending resolution of Plaintiff's related criminal trial, Plaintiff filed a motion for appointment of pro bono counsel on October 30, 2024. (ECF No. 42.) In support of his motion, Plaintiff argues that he cannot afford counsel, his "incarceration will greatly limit his ability to litigate," his excessive force claims

PAGE 2 – OPINION AND ORDER

under 42 U.S.C. § 1983 present "complex [issues that] will require significant research and investigation," he has only "limited access to any form of legal aid and a very limited knowledge of the law," and it will be "extremely difficult if not impossible for an incarcerated individual" to utilize "[c]ertain types and forms for release of information that are necessary in this matter[.]" (*Id.* at 1.)

At this early stage of the proceedings, Plaintiff has not yet demonstrated a likelihood of success on the merits. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1-2 (9th Cir. July 5, 2022) (holding that the district court did not abuse its discretion in declining to appoint pro bono counsel "earlier in th[e] case," and explaining that "[i]t was not necessarily clear that [the self-represented adult in custody's] claims had potential merit until after summary judgment").

In addition and on this record, the Court has no reason to question Plaintiff's ability adequately to represent himself and articulate his excessive force claims in light of the complexity of the legal issues involved. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (holding that the self-represented plaintiff's case, which concerned injuries suffered during an encounter with law enforcement, did not present "exceptional circumstances" warranting appointment of counsel, and explaining that "a litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case"); *Fierro*, 2022 WL 2437526, at *2 (explaining that the "record . . . provide[d] some support for the conclusion that [the self-represented adult in custody] was ably litigating his claims *pro se*, and his failure-to-protect claims were not so complex as to require the appointment of counsel far in advance of trial"). Plaintiff argues that he will face certain challenges in pursuing and presenting his case, but his "circumstances [are] not exceptionally

PAGE 3 – OPINION AND ORDER

different from the majority of the challenges faced by [self-represented] litigants." *Siglar*, 822 F. App'x at 612. Thus, Plaintiff has not demonstrated an inability to litigate his claims as a self-represent litigant.

For these reasons, the Court concludes that Plaintiff's case does not present "exceptional circumstances" warranting appointment of counsel at this time. The Court, however, grants Plaintiff leave to renew his request to appoint counsel at a later stage of this case.[1] *See Fierro*, 2022 WL 2437526, at *2 (explaining that it "was not necessarily clear that [the self-represented adult in custody's] claims had potential merit until after summary judgment[, but] the district court appropriately did appoint counsel once it was apparent that the failure-to-protect claims would go to trial").

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's motion for appointment of pro bono counsel (ECF No. 42), with leave to renew at a later stage of this case.

**IT IS SO ORDERED.**

DATED this 20th day of November, 2024.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] The Court advises Plaintiff that many civil rights plaintiff's lawyers accept payment on a contingency fee basis.

PAGE 4 – OPINION AND ORDER