IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTIAN DANIEL FITZ-HENRY,

Plaintiff,

v.

TOM SNITILY *et al.*,

Defendants.

Case No. 3:22-cv-00222-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Christian Daniel Fitz-Henry ("Fitz-Henry"), a self-represented litigant in state custody, filed this case against Defendants Tom Snitily and Seth Wingfield (together, "Defendants")[1] in February 2022, alleging a claim for excessive force in connection with his November 23, 2021, arrest by Portland Police Bureau ("PPB") officers. (Am. Compl., ECF No. 16.)

Now before the Court is Defendants' motion for summary judgment. (Defs.' Mot. Summ. J. ("Defs.' Mot."), ECF No. 55; *see also* Decl. Carey Caldwell Supp. Defs.' Mot. Summ. J.

[1] Fitz-Henry also named "John Doe Officers" as defendants but he has not moved to substitute or serve the John Doe defendants and therefore the Court dismisses them from this case.

("Caldwell Decl."), ECF No. 56.) The Court has jurisdiction over Fitz-Henry's claim pursuant to 28 U.S.C. § 1331. For the reasons discussed below, the Court grants Defendants' motion for summary judgment.

## LEGAL STANDARDS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

If a party fails to file a response to a motion for summary judgment, "a court may not grant summary judgment by default." *Wills v. Grasley*, No. 3:20-cv-191-SI, 2023 WL 4352656, at *2 (D. Or. July 5, 2023) (citing *Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013)). "When a party fails to respond to a fact asserted by the movant, a court may: '(1) give [the party] an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.'" *Id.* (quoting FED. R. CIV. P. 56(e)); *see also id.* ("Considering a fact as undisputed, however, does not mean that summary judgment

automatically may be granted. A court must still determine, considering the facts it has found undisputed for want of a response, the legal consequences and proper inferences to be drawn from those facts.”).

Fitz-Henry is self-represented and therefore the Court must construe his filings “liberally” and afford him the “benefit of any doubt.’” *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted); *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (noting that district courts are to “construe liberally motion papers and pleadings filed by [self-represented individuals in custody] and should avoid applying summary judgment rules strictly”).

## DISCUSSION

Viewing the undisputed facts in the summary judgment record in the light most favorable to Fitz-Henry, the Court finds that there is no genuine dispute as to any material fact and Defendants are entitled to summary judgment.

### I. APPLICABLE LAW

“A police officer’s use of . . . force on a person [is] a seizure subject to the [reasonableness requirement of the] Fourth Amendment.” *Hyer v. City & County of Honolulu*, 118 F.4th 1044, 1060 (9th Cir. 2024) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). In evaluating a “claim of excessive force, [courts] ask whether the officers’ actions were objectively reasonable in light of the facts and circumstances confronting them.” *Williamson v. City of Nat’l City*, 23 F.4th 1146, 1151 (9th Cir. 2022) (simplified) (quoting *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021)); *see also Sabbe v. Wash. Cnty. Bd. of Comm’rs*, 84 F.4th 807, 821 (9th Cir. 2023) (stating that *Graham* “provides the framework that governs this part of [the analysis]”).

///

Courts engage in a three-part inquiry to "determine whether an officer's actions were objectively reasonable[.]" *Williamson*, 23 F.4th at 1151; *see also Ramsey v. City of Lake Havasu City*, No. 23-3244, 2025 WL 66048, at *1 (9th Cir. Jan. 10, 2025) (recognizing that this circuit "approach[es] an excessive force claim in three stages" (quoting *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018))). First, courts consider "the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted[.]" *Williamson*, 23 F.4th at 1151 (quoting *Rice*, 989 F.3d at 1121); *Thompson*, 885 F.3d at 586 (same). Second, courts consider "the government's interest in the use of force[.]" *Williamson*, 23 F.4th at 1151 (quoting *Rice*, 989 F.3d at 1121). Third, courts consider "the balance between the gravity of the intrusion on the individual and the government's need for that intrusion." *Id.* (quoting *Rice*, 989 F.3d at 1121). Ultimately, courts must "judge the reasonableness of a particular use of force 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[,]'" *id.* (quoting *Rice*, 989 F.3d at 1121, which quoted *Graham*, 490 U.S. at 396), and keep in mind that "police officers 'are not required to use the least intrusive degree of force possible.'" *Id.* (quoting *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc)).

## II. ANALYSIS

Fitz-Henry asserts a "civil rights" claim based on allegations that during his November 23, 2021 arrest, Defendants "kneed [him] in [his] side causing ribs to break [and him] to urinate." (Am. Compl. at 3.) Fitz-Henry did not respond to Defendants' motion for summary judgment and has not submitted any evidence in support of his claim.[2]

[2] On July 24, 2026, the Court docketed and sent Fitz-Henry a copy of a Summary Judgment Advice Notice and Scheduling Order, warning Fitz-Henry: "When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

Defendants submitted a declaration attaching Fitz-Henry's arrest reports, police interview transcripts, court records, medical records, and deposition testimony. (*See* Caldwell Decl., Exs. 1-24.) The undisputed facts reflect that Fitz-Henry did not report any alleged use of force, resulting injuries, or related pain when he arrived at the jail following his arrest, during medical exams on the same day, or during a medical exam three days later when he was treated for fentanyl withdrawal symptoms. (*See* Caldwell Decl., Exs. 13-15.) Further, Fitz-Henry testified at his deposition that he could not identify which of the five arresting officers used force during the arrest in question, that it is "possible" that those who used force were deputy U.S. Marshals (i.e., not Defendants) because the officers had their faces covered and it was dark outside, and that he named Snitily and Wingfield as defendants because they were two of five officers mentioned in the arrest report. (*See* Dep. Christian Daniel Fitz-Henry, Caldwell Decl. Ex. 24 at 11-3, 16, 18-19.)

On this record, even viewing the undisputed facts in a light most favorable to Fitz-Henry, drawing all reasonable inferences in his favor, and giving him the benefit of any doubt, Fitz-Henry cannot establish that Snitily and Wingfield used force—let alone excessive force—during Fitz-Henry's arrest. Accordingly, Defendants are entitled to summary judgment on Fitz-Henry's excessive force claim.[3]

---

specific facts in depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendants; declarations and documents and show that there is a genuine dispute of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial." (Summ. J. Advice Notice & Scheduling Order at 1, ECF No. 57.)

[3] "Because the Court finds that Plaintiff fails to offer facts sufficiently describing a violation of a constitutional right, the Court declines to reach Defendants' final arguments on

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion for summary judgment (ECF No. 55).

**IT IS SO ORDERED.**

DATED this 26th day of August, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

qualified immunity." *Wills*, 2023 WL 4352656, at *9 n.7 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).